Judge Daniel T.K. Hurley     Case: 9:07-CR-80034-DTKH

FILED BY _BM_ D.C.
APR 22 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

Dear Mr. Hurley

My name is John H. Tommie, I've been out of prison since April 3rd 2014, I have been doing everything my probation has asked of me, and more staying out of trouble, NO new Charges!

#1    I got 2 tickets for speeding - I paid them, but one of them I got in Port St. Lucie one morning my wife was broke down & called me because her cell phone was dying, so I rush to her & I gave my P.O. the copy of the towing Bill, to show him!

#    The second ticket I got in Okeechobee County when I was in Clewiston - Henry County at WalMart Pharmacy because of my medical condition of pain medication, well on my way back I got that ticket, and I also paid that, I gave my P.O a copy of my medication form I picked up the same day and Time!

I pleaded to 10years ~~~10 months~~ & 3 years probation & got sentence to

This reason for this letter is My Probation officer say his Supervisor wants me to wear a home monitor to see where I travel!

I have no problem wearing it for 60 days as long I'm still able to leave my home and travel within my limits of probation!
I'm disable so I can't pay for this machine also and he said he has to get you to sign off on this, why Is this I did nothing wrong!

If they want to monitor where I go I will wear it with no problem, but I can't afford to pay for it, when its not in my supervison or court orderd, I don't want to be "violated" because of this!
Again I'm willing to wear the monitor for 60 days - only if they want to see where I travel but not home confindment, it's like they are saying if you don't wear this or sign this we are gonna violate your probation!
please help - I can't afford this

John Tommie

1784 Abbots Hill Drive
Orland Fl. 32835

My travel Permit
Where I can go - without Permisson



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 07-80034-CR-Hurley/Vitunac

UNITED STATES OF AMERICA

vs.

JOHN TOMMIE,

       Defendant.

_____/

## PLEA AGREEMENT

The United States of America and John Tommie (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to count 1 of the indictment, which count charges the defendant with possessing child pornography, in violation of Title 18, United States Code, Section 2252A(5)(B).

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the

advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.  The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 10 years imprisonment, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.

4.  The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5.  The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

1  criminal activity, some not so serious, and some very serious
2  and simply brought these charges.
3          I don't know the answer to that.
4          I think someone reading this pre-sentence
5  investigation report would have those concerns.
6          Now, here is where we are today.
7          The defendant came to court and pled guilty.  The
8  defendant -- and I understand everything that you said before
9  about the cases and the strategic decisions that need to be
10 made and there are certainly very, very serious consequences
11 attendant to all of these things.
12         The fact of the matter is, the Government brought a
13 charge.  The defendant came to court and pled guilty to that
14 charge and here we are today attempting to formulate the
15 sentence.
16         There is no motion before the Court to withdraw the
17 plea and my view and ruling would be that the enhancement is
18 properly applied.
19         I think the Government has cited to the statute and
20 that it actually does apply.
21         In our case, one need not coerce the minor to
22 participate.  It simply says any person who employees, uses or
23 persuades, entices or coerces the minor.
24         It is clear here that the defendant was at least using
25 the minor to engage in sexually explicit conduct, the most

1  is not the normal kind of domestic disturbance.  It is not the
2  young lady calling the police saying my husband or lover is
3  hitting me.  It is the defendant who changed the locks on the
4  house and, so, the police respond, and, in the course of this,
5  discover these materials.
6         All kinds of issues are raised, I think, or at least
7  come to mind, but none of them have been raised in the case
8  legally and brought before the Court.
9         We know that adults are able to possess pornography.
10        We know that there is a critically important right of
11 privacy that surrounds intimate relations and surrounds the
12 home and none of these issues have been explored in this case
13 to determine whether they provide some type of a shield to
14 legitimize this activity or at least prevent this activity as
15 being the basis of a criminal prosecution.
16        What happened was, the defendant came before the Court
17 and pled guilty to a charge and the charge was possession of
18 child pornography, the child pornography being the pictures of
19 the defendant engaging in consensual sexual activity with this
20 young lady who apparently was 17 at the time of the events.
21        One hesitates to speculate on these things, but I also
22 read of Mr. Tommie's record, and I think it is fair to say that
23 it is a deplorable past record; and, so, one tends to speculate
24 as to whether the police were simply out to apprehend
25 Mr. Tommie, understanding that he has engaged in all kinds of