UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80034-CR-Hurley

UNITED STATES OF AMERICA,

v.

JOHN TOMMIE,

        Defendant.
_____/



## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO VACATE PLEA [DE 77]

**THIS CAUSE** is before the Court upon Defendant, John Tommie's Motion to Vacate Plea ("Motion") [DE 77]. The Government has filed a Response [DE 99]. The Court held a hearing on the matter on October 4, 2016, and Defendant's Motion is now ripe for review.

### I.   Background

Defendant was originally convicted in the Southern District of Florida of possession of child pornography, in violation of 18 U.S.C. § 222A(a)(5)(B). On July 20, 2007, Senior United States District Judge Daniel T.K. Hurley sentenced Defendant to 110 months imprisonment and ten years of supervised release, along with special conditions of supervised release. Defendant's term of supervised release commenced on April 3, 2014.

On April 29, 2016, Defendant was charged by Petition for Warrant or Summons for Offender under Supervision ("Petition") [DE 62] with the following violations of his supervised release:

1. **Violation of Standard Condition**, by leaving the judicial district without first securing permission of the probation officer. On or about November 9, 2015, the

1

defendant traveled to St. Lucie County, without securing the permission of the probation officer or the court, as evidenced by a Florida Uniform Traffic Citation by the Florida Highway Patrol for speeding.

2. **Violation of Standard Condition**, by leaving the judicial district without first securing permission of the probation officer. On or about January 22, 2016, the defendant traveled to Okeechobee County, without securing the permission of the probation officer or the court, as evidenced by a Florida Uniform Traffic Citation by the Okeechobee County Sheriff's Office for speeding.

3. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 26, 2016, in Palm Beach County, Florida, the defendant did commit Felony Battery contrary to Florida Statute 784.03.

Defendant appeared before the Court on June 30, 2016, for a final hearing on the Petition. At the June 30, 2016 hearing, pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated that he waived his right to a final revocation hearing, and he admitted to the three allegations against him.

In a Report and Recommendation dated June 30, 2016, the Court found that Defendant made these waivers and admissions knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admissions to the allegations, the Court also found by a preponderance of the evidence that Defendant committed the allegations lodged against him. *Id.*

On July 13, 2016, Defendant filed his Motion to Vacate Plea [DE 77] *pro se*. At the time

that Defendant filed the *pro se* motion, the record disclosed a conflict between Defendant and his counsel, Bruce Raticoff, Esq. Subsequent to the filing of the *pro se* Motion, on September 13, 2016, the Court held a hearing on Defendant's Motion to Appoint New Counsel [DE 80] and on Mr. Raticoff's Motion to Withdraw as Attorney of Record [DE 96]. The Court discharged Mr. Raticoff as Defendant's counsel and appointed the Federal Public Defender's Office to represent Defendant. On October 3, 2016, Defendant's counsel filed a Notice of Limited Adoption [DE 103], which states in part that counsel "adopts Defendant's *pro se* motion to the extent that he still wishes to withdraw his admissions to the alleged violations of supervised release."

## II. Summary of Hearing

Defendant did not present any testimony or evidence at the October 4, 2016 hearing on his Motion. Defense counsel advised that Defendant did not wish to testify at the hearing. Defense counsel argued that Defendant and his former counsel had issues communicating and that Defendant immediately changed his mind after admitting to violation #3. The Government asserted that Defendant knowingly and voluntarily entered his admissions and that he simply had a change of heart after making the admissions. The Government argued that a change of heart is an insufficient basis for Defendant withdrawing his admissions. Finally, the Government contended that Defendant pled guilty because the victim who he allegedly assaulted was in court prepared to testify on June 30, 2016. The Government argued that it would cause stress to the victim to make her appear for another hearing.

## III. Analysis

Defendant does not seek to vacate his admissions to allegations #1 and 2. However, Defendant seeks to vacate his admission to the third supervised release violation on the basis that his prior attorney "intentionally misinformed" him about the "true nature" of his plea. [DE 77].

He argues that he was never arrested or indicted for any violation of Florida Statute § 784.03 and that his prior counsel was unwilling to "ask court to move statute 784.03 from final violation hearing." *Id.* According to Defendant, had his former counsel told him that he was "pleading to Florida Statute (784.03) as one of [his] violations", he never would have pled guilty. *Id.*

Federal Rule of Criminal Procedure 11 generally does not apply to supervised release revocation proceedings. *See, e.g., United States v. Johns,* 625 F.2d 1175, 1176 (5th Cir. 1980); *United States v. Freeman,* 396 F. App'x 674, 676 (11th Cir. 2010). However, "[d]efendants involved in revocation proceedings are entitled to certain minimal due process requirements." *United States v. Frazier,* 26 F.3d 110, 114 (11th Cir. 1994) (citing *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (stating in a parole revocation case that "the same protections granted those facing revocation of parole are required for those facing the revocation of supervised release.")). "The minimum requirements of due process include (1) written notice of the claimed violations, (2) disclosure of evidence, (3) opportunity to be heard in person and present evidence, (4) the right to confront witnesses, (5) a neutral and detached decision maker, and (6) a written statement by the decision maker setting forth the evidence upon which it relied and its reasons for revoking supervision." *Freeman,* 396 F. App'x at 676 (citing *Morrissey v. Brewer,* 408 U.S. 471, 488–89, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972))).

Here, the Court afforded Defendant all of the minimal due process rights set forth in *Morrissey.* *See* DE 99-1, p. 3. The Court also questioned Defendant to ensure that his admissions were made knowingly, intelligently, and voluntarily. *Id.* at pp. 3-4. The Court read the violations to Defendant, including violation #3 and the specific Florida statute allegedly violated by Defendant, and Defendant admitted each violation individually. *Id.* at pp. 4-6. The Court also ensured that Defendant was aware of the maximum penalties he faced for violating his

4

supervised release. *Id.* at p. 6. Even after Defendant had admitted all of the violations against him, the Court asked him twice more if he was sure he admitted the violations. *Id.* Moreover, the Court provided Defendant with the opportunity to speak with his counsel during the hearing. *Id.* at pp. 2, 5.

It appears, as argued by the Government in its Response [DE 99], that Defendant decided not to go through with a full final hearing on his violations of supervised release when he saw that his alleged victim had appeared in court to testify on behalf of the Government. It seems that Defendant seeks to withdraw his admission to violation #3 so that he can have another final hearing in the hope that the victim will not again appear. This is not permissible. Defendant's Motion should be denied as Defendant has not provided a sufficient basis to withdraw his admission to the violations of supervised release.

## IV. Recommendation

For the foregoing reasons, it is respectfully recommended that Defendant's Motion to Vacate Plea [DE 77] be DENIED.

A party shall file written objections, if any, to this Report and Recommendation with Senior United States District Judge Daniel T. K. Hurley within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 4th day of October, 2016.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE